# NO. 12-19-00138-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KELSI LOGAN NEELEY,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Kelsi Logan Neeley appeals her conviction for abandonment or child endangerment—criminal negligence. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by information with the offense of abandonment or child endangerment by intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engaging in conduct that placed a child in imminent danger of death, bodily injury, or physical or mental impairment, by using and consuming methamphetamine in the presence of a child, and not voluntarily delivering the child to a designated emergency infant care provider, a state jail felony.[1] Appellant pleaded "guilty" to the charged offense. Appellant and her counsel signed various documents in connection with her guilty plea, including an agreed punishment

---

[1] TEX. PENAL CODE ANN. § 22.041(c), (c-1)(1), (f) (West 2019).

recommendation and a stipulation of evidence in which Appellant stipulated, and judicially confessed, that each and every allegation contained in the information was true and correct.

At the plea and sentencing hearing, Appellant stated she took ecstasy that, she said, was unknowingly laced with methamphetamine. Nor did she realize it would enter her child's system. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for three years.

Later, the State filed a motion to adjudicate guilt, alleging that Appellant violated the terms of her community supervision including failing to (1) notify her supervision officer that she lost her employment at Whataburger within three days of that change; (2) remain in The Beginning intensive outpatient alcohol/drug treatment program as directed by the Department of Family and Protective Services; (3) attend Course I two times weekly as part of the General Education Diploma (GED) class requirements; and (4) report daily on January 23-25, 2019.

At the hearing on the State's motion to revoke, Appellant pleaded "true" to three of the allegations contained in the State's motion. She pleaded "not true" to the allegation that she failed to remain in The Beginning intensive outpatient alcohol/drug treatment program as directed by the Department of Family and Protective Services (the Department). Ophelia Ramirez, an employee with the Smith County Community Supervision Corrections Department, testified that she was Appellant's community supervision officer beginning October 2018. According to Ramirez, Appellant was ordered to obtain her GED. She completed her intake with the Literacy Council of Tyler and was required to attend laboratory hours two times per week to be scheduled at Appellant's convenience. Ramirez stated that Appellant completed only one and one half hours from December 2018 until the date of the hearing, March 7, 2019. However, she admitted that Appellant was not technically in violation of this term until after April 2019.

Appellant was also ordered to remain in The Beginning intensive outpatient alcohol/drug treatment program as directed by the Department as incorporated in her community supervision order. Ramirez stated that Appellant was accepted into the program in December 2018, and was required to attend three times per week. Appellant was only allowed to miss three sessions during the ninety day program. According to Ramirez, Appellant reported that she was attending regularly and only missed one session because of an emergency with her child. However, after an office visit with Appellant in January 2019, Ramirez was informed by Appellant's caseworker at

2

The Beginnings that she missed six group meetings and one individual counseling session. The caseworker stated that if Appellant missed another meeting, she would be unsuccessfully discharged. Appellant was subsequently unsuccessfully discharged from The Beginnings program for excessive absences.

Although Appellant was hired at Whataburger, Ramirez stated that she never began employment. On January 4, 2019, Appellant told her that she was going to pick up her work schedule to begin work the next day. Ramirez learned that Appellant did not appear for her first day at work because of a death in the family, nor did she appear the next day as required. On January 14, 2019, Appellant told Ramirez that she no longer worked at Whataburger because she lacked transportation. On that same date, Appellant reported, for the first time, that she was working at Veterans Recycling. However, Ramirez stated that she talked to Appellant daily about obtaining employment since November 2018, and Appellant never mentioned Veterans Recycling.

Daniel Isaac Losby, owner of Veterans Recycling, a construction site cleanup and demolition business, stated that he opened his business on November 14, 2018. Appellant began working for him as a part-time employee on November 14 until she was taken into custody as a result of the revocation motion. Losby described Appellant as the "[b]est employee [he has] had in years." Michael Neeley, Appellant's father, testified that Appellant lived with him and has been suffering from emotional problems. On or about January 23, 2019, Neeley took Appellant to the University of Texas Behavioral Health Center and she was admitted for approximately two to three days. He stated that Appellant was overwhelmed and tried to harm herself. Neeley stated that he contacted Ramirez the day that Appellant was admitted to the hospital.

After the revocation hearing, the trial court found three of the allegations to be "true," found the paragraph requiring Appellant to obtain her GED to be "not true," granted the State's motion to adjudicate, revoked Appellant's community supervision, adjudged Appellant guilty of abandonment or child endangerment—criminal negligence, and assessed her punishment at confinement in a state jail facility for fifteen months.[2] This appeal followed.

---

[2] An individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than one hundred and eighty days, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.35 (West 2019).

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3]

Appellant filed a pro se response,[4] arguing that due to a conflict of interest with the district attorney's office, she believed that a special prosecutor would be appointed to prosecute her case. However, she said, no special prosecutor was appointed. Moreover, she argued that she was threatened by the father of her child regarding this case, and that she had been assaulted by him. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief.

[4] Although Appellant filed a pro se response, her response did not comply with Texas Rule of Appellate Procedure 9.5, requiring that she serve a copy of the document on all parties to the proceeding. *See* TEX. R. APP. P. 9.5. However, in the interests of justice, we will consider her brief.

petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 31, 2019

### NO. 12-19-00138-CR

**KELSI LOGAN NEELEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1209-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*